J-S56013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARRY D. FREEMAN | : | |
| | : | |
| Appellant | : | No. 219 EDA 2019 |

Appeal from the PCRA Order Entered December 26, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0600561-2000

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.:           **FILED DECEMBER 30, 2019**

Barry D. Freeman appeals, *pro se*, from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Freeman's petition is facially untimely, and he has failed to prove any of the three statutory exceptions to the PCRA time-bar. Therefore, the PCRA court rightfully concluded that it lacked jurisdiction to consider the merits of his petition. Accordingly, we affirm.

On January 10, 2001, a jury found Freeman guilty of attempted rape, robbery, and terroristic threats stemming from an incident in which Freeman robbed and attempted to rape a victim while she was waiting at a bus stop.

Freeman was sentenced[1] to an aggregate term of twenty-two and one-half to fifty years' incarceration. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal on March 20, 2007. Freeman subsequently filed numerous PCRA petitions between 2009 and 2013, serially arguing that his sentence is illegal, and his PCRA counsel was ineffective. These petitions were all dismissed as untimely. On April 3, 2018, Freeman filed the instant PCRA petition. The PCRA court again denied the petition as untimely. This timely appeal followed.

Prior to reaching the merits of Appellant's claims on appeal, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3).

_____

[1] Although our record is limited, our review indicates that sentencing occurred on multiple dates. On January 21, 2004, Freeman was sentenced to an aggregate twelve and one-half to twenty-five years' incarceration for the robbery and terroristic threats convictions. The court deferred sentencing for attempted rape until the Pennsylvania Supreme Court issued a ruling on the constitutionality of Megan's Law. Freeman filed a post sentence motion arguing his sentences for robbery and terroristic threats should have merged. The court resentenced Freeman to ten to twenty years' incarceration for robbery but deferred sentencing on his terroristic threats conviction. On October 6, 2004, Freeman was sentenced to ten to twenty years' incarceration on his attempted rape conviction plus two and one-half to five years' incarceration on his terroristic threats conviction, for an aggregate sentence of twenty-two and one-half to fifty years' incarceration on all counts.

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Freeman's judgment of sentence became final on June 18, 2007, ninety days after his petition for allowance of appeal was denied by the Pennsylvania Supreme Court, when time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13. The instant petition – filed more than ten years later – is patently untimely. Thus, the PCRA court lacked jurisdiction to review Freeman's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> The PCRA provides three exceptions to its time bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S.A. § 9545(b)(2). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

**Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

Even liberally construed, Freeman has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. To the best of our ability to decipher Freeman's rambling and frequently incoherent argument, he attempts to circumvent the PCRA's time-bar by asserting he has obtained "newly obtained evidence." Specifically, he contends he recently learned (1) that the former District Attorney Seth Williams was convicted of corruption; (2) that certain members of the District Attorney's Office were

supposedly fired for "misconduct"; and (3) that officers involved in his case – who he does not identify by name – were fired or on the "do not call list."

While Freeman is correct that Williams was convicted on corruption charges, he does not link any of those charges to this case. Further, we note that Williams served as District Attorney from 2009 until 2017 – well after Freeman was sentenced in this matter. We can discern no implicit connection between Williams and this case. Similarly, he has not established how his allegations regarding the firing of unnamed Assistant District Attorneys and Philadelphia police officers affect this case, other than a summary allegation that they were involved in this case.

Not only does Freeman's brief fail to conform to the Rules of Appellate Procedure[2], he additionally fails to develop a meaningful argument for his claim or provide any connection between his case and the individuals he lists. As we agree with the PCRA court that Freeman failed to plead and prove an exception to the PCRA's time-bar, we are without jurisdiction to offer him relief. We find the PCRA court properly dismissed his petition as untimely.

Order affirmed.

---

[2] "When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101." *Giant Food Stores, LLC v. THF Silver Spring Development, L.P.*, 959 A.2d 438, 443 (Pa. Super. 2008) (citing Pa.R.A.P. 2101). Due to our disposition of the case, we decline to quash the appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/19